[Sac. No. 3647. In Bank.—April 4, 1925.]

EDWARD L. GNEKOW, Appellant, v. CITY OF STOCK-TON (a Municipal Corporation) et al., Respondents.

MUNICIPAL CORPORATIONS — AWARD OF CONTRACT FOR PUBLIC IM-PROVEMENT—RIGHTS OF CONTRACTOR.—Where a municipal corporation through its duly authorized governing body has regularly awarded a contract for the installation of the plumbing, electrical work, heating and ventilating system for a new city hall and the contractor has expended and obligated himself in large amounts in preparation for performance of the contract, his right to have a contract executed is fixed and the mayor has no right to refuse to sign it, nor has the city council the right to re-scind the award.

---

(1) 28 Cyc., p. 685, n. 95.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

Levinsky & Jones for Appellant.

J. Le Roy Johnson and Clarence A. Grant for Respondents.

---

1. See 18 R. C. L. 235; 16 Cal. Jur. 792.

SHENK, J.—This is an appeal from a judgment denying a writ of mandate and dismissing the petition therefor following an order sustaining a demurrer to the petition without leave to amend.

The appellant was the successful bidder for a contract to install the plumbing, electrical work, heating and ventilating system for the proposed new city hall for the city of Stockton. After advertising for bids the city council by resolution, duly adopted and approved by the mayor on June 22, 1923, awarded the contract to the appellant and authorized and directed the mayor to sign the same. Within ten days after the passage of the resolution the contract was duly prepared, approved by the city attorney, signed by the appellant, and presented to the mayor for his signature. The mayor failed, neglected, and refused to sign the contract. His term of office expired on July 2, 1923, when a new city charter went into effect and a new set of city officers assumed their duties. One of the first acts of the new administration was to adopt a resolution purporting to reject all bids for contracts in connection with the new city hall project and to rescind and set aside all awards of contracts and proceedings taken thereunder. This resolution was adopted on the evening of July 2, 1923, and is the same resolution which purported to reject the bid and set aside the award of contract to Howard S. Williams. The resolution is referred to more at length in the case of *Williams* v. *City of Stockton, ante,* p. 743 [235 Pac. 986]. In this case the appellant alleges generally the facts set forth in the Williams case and in addition that in order to enable him to fulfill his contract with the city and relying on its execution in due time he filed the required faithful performance bond, became obligated to pay the sum of $915 as the premium thereon, entered into contracts for the purchase of and ordered large quantities of materials from various manufacturing distributors in the eastern part of the United States, and will be compelled to accept and pay for large quantities of said materials which are unsalable for the reason that there is no demand therefor except for structures of the kind and character of the proposed city hall, all to his loss in excess of $10,000.

After the adoption of said resolution on July 2, 1923, the appellant made a written demand on the new mayor to sign said contract but the mayor refused to do so for the reasons set forth in said resolution. This proceeding was then brought to compel him to do so. Further facts applicable to this case and in common with the facts in the case *Williams* v. *City of Stockton, supra,* are set forth in the decision in that case. From the facts here presented the same legal conclusions must be drawn as were arrived at in that case. On the authority of that case the judgment herein is reversed.

Richards, J., Seawell, J., Waste, J., Myers, C. J., Lawlor, J., and Lennon, J., concurred.